**LAW OFFICES OF**

**O'KEKE & ASSOCIATES, P.C.**
ONE GATEWAY CENTER, SUITE 2600
NEWARK, NJ, 07102
PHONE: (973) 799-8592
Attorneys for Plaintiff

```
------------------------------------x-----------------------------
GEORGE RAMIREZ,                     :UNITED STATES DISTRICT COURT
JOSHUA RUIZ                         :DISTRICT OF NEW JERSEY
                                    :
         Plaintiffs,                :    CASE No.:
                                    :
      against                       :
                                    :    CIVIL ACTION
                                    :
THE CITY OF NEWARK,                 :    COMPLAINT
JOHN DOE 1-10                       :
(names being fictitious)            :    PLAINTIFFS DEMAND
                                    :
         Defendant(s).              :    TRIAL BY JURY
                                    :
                                    :
------------------------------------x-----------------------------
```

   TAKE NOTICE, the Plaintiffs, George Ramirez and Joshua Ruiz, hereby appear in this action by their attorney, Adanna U. Ugwonali, Esq., of the Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon her, at the address below, in this matter.

   Plaintiffs, George Ramirez and Joshua Ruiz, by their attorney, Adanna U. Ugwonali, Esq., of the Law Offices of O'keke & Associates, complaining of the defendants, The City of Newark, and unknown police officers collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New Jersey].

Page 1

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the District of New Jersey, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiffs reside in Newark, New Jersey and are residents of the State of New Jersey.

7. Defendants John Doe and Jane Doe 1 though 10 are unknown police officers for the City of Newark, acting under color of state law. They are being sued in both their individual and official capacity.

8. The Defendant, City of Newark is a municipality in the

State of New Jersey and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

9. On or about June 3, 2009, at approximately 4:00PM, defendants Police Officers, employed with the Newark City Police Department and assigned to the 4th Precinct, without probable cause and/or justification, arrested the plaintiffs near or about Montclair Avenue near Parker Street, in Newark, New Jersey, located in Essex County. Said Arrest was made with no reason and with the sole intent of intimidating, harassing and assaulting the plaintiffs.

10. Prior to and after effecting the illegal arrest against the plaintiff. Plaintiffs were in a vehicle on their way to pick up a mutual friend. As they proceeded on Montclair Avenue near Parker Street in Newark, New Jersey defendant officers swarmed plaintiffs' vehicle with guns drawn. As plaintiffs exited the vehicle Plaintiffs were grabbed without probable cause by defendant officers, slammed on the ground and placed in handcuffs.

During the entire ordeal, plaintiffs repeatedly enquired as to why they were being harassed, assaulted and arrested but they received no response. Plaintiffs were then taken to 2nd Precinct on 1 Lincoln Avenue in Newark and placed in a cell for several hours without being booked. That notwithstanding being told by the plaintiffs that they were not the perpetrators that the defendant officers were looking for, the defendant officers continued with the unlawful arrest of the plaintiff. Thereafter Plaintiffs were transported to the Newark Central Booking on Green Street in Newark where they were held for four to five days before they were brought before a judge. Approximately thirteen (13) months later, plaintiffs were released and the matter dismissed by the Superior Court of New Jersey.

Plaintiffs had and still have no knowledge of why they were arrested or beaten up so badly by the defendant officers. That during the entire ordeal, plaintiffs were never read their Miranda rights, were denied the right to request for an attorney and/or call any person to inform them of their arrest.

Page 3

11. That while in the custody of the Essex County Department of Corrections plaintiffs were unlawfully assaulted by one of the inmates. Plaintiff George Ramirez was hit upon the head violently and repeatedly by an inmate, said injuries were given required medical attention thereafter.

12. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to unlawfully arrest, imprison, assault and incarcerate plaintiffs just to intimidate plaintiffs.

13. That at no time prior to and/or during the arrest was any investigation conducted by the defendant officers to justify the arrest of the plaintiffs.

14. On July 7, 2010, the plaintiffs served the City of Newark with a Notice of Claim.

15. At no time did plaintiffs commit any offense against the laws of City of Newark and or State of New Jersey for which an arrest may be lawfully made. At no time did the plaintiffs commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

16. As a direct and proximate result of defendants' actions, plaintiffs suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

17. The unlawful arrest of plaintiffs, plaintiffs' wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

19. As a direct and proximate result of their unlawful detention, assault, confinement, Plaintiffs have lived in terror of their attack, they continues to suffer from nightmares, are fearful of going outside and when they see

the police, they suffers various emotional attacks, in addition, they have been unable to function normally which have caused a severe strain and breakdown in their personal relationships, in and outside of their respective homes.

20. As a direct and proximate result of defendant's actions, plaintiffs were arrested and detained without just or probable cause.

21. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of Newark and the State of Newark.

22. Defendant City of Newark, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

23. Defendant City of Newark, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

24. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

25. By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

26. A written claim was filed upon the City of Newark, and at least six-months have elapsed since the service of the

Notice of Claim the claim has been neglected or refused.

27. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

28. Plaintiffs hereby restates paragraphs 1-26 of this complaint, as though fully set forth below

29. By detaining and imprisoning Plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants' Officers, deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

30. In addition, the Defendants officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Newark Police Department Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New Jersey State Constitution, Art. 1 Section 7

33. Plaintiffs hereby restate paragraph 1-31 of this complaint, as though fully set forth below

34. By detaining and imprisoning Plaintiffs, without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the State of New Jersey by Article 1, Section 7 of the New Jersey Constitution.

35. In addition, the Defendants officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 7 of the New Jersey Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

36. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Newark Police Department Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by Article 1, Section 7 of the New Jersey Constitution.

37. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of their state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery--all Defendants

39. Plaintiffs hereby restates paragraph 1-37 of this complaint, as though fully set forth below

40. In physically assaulting, detaining, handcuffing, threatening, slamming and intimidating plaintiffs, the Defendants Officers, acting in their capacities as Newark Police Department Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

41. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

42. Plaintiffs hereby restates paragraph 1-40 of this complaint, as though fully set forth below

43. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiffs.

44. The wrongful arrest and imprisonment of the Plaintiffs were carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

45. At all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

46. During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, and threatened.

47. Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

48. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

49. Defendants, their officers, agents, servants, and employees

were responsible for plaintiffs' detention and imprisonment during this period of time. Defendant City of Newark, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

50. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

52. The Plaintiffs hereby restates paragraph 1-50 of this complaint, as though fully set forth below.

53. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

54. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

55. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants Officers and security guards, defendant City of Newark, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of Newark.

57. Plaintiffs hereby restates paragraph 1-56 of this Complaint, as though fully set forth below.

58. Upon information and belief, defendant City of Newark, through the NEWARK PD, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

59. Upon information and belief, defendant City of Newark, through the NEWARK PD owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from this conduct.

60. Upon information and belief, defendant City of Newark, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

61. Upon information and belief, defendant City of Newark, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

62. Upon information and belief, because of the defendant's City of Newark, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiffs incurred significant and lasting injuries.

**WHEREFORE**, plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants,

**Page 10**

      compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against the City of Newark, compensatory damages in an amount to be determined at trial; and

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   March 1, 2011
         Newark, New Jersey

                              Respectfully Submitted
                              O'keke & Associates, P.C.

                              _____
      By:  Adanna U. Ugwonali, Esq. AU3226
           One Gateway Center, Ste. 2600
           Newark, New Jersey 07102
           Tel. No.: (973) 799-8592