ANNA PEREIRA
CORPORATION COUNSEL
920 Broad Street, Room 316
Newark, New Jersey 07102
Attorney for Defendant City of Newark


By:  Steven F. Olivo
     Assistant Corporation Counsel
     (973) 733-5940

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GEORGE RAMIREZ,** <br> **JOSHUA RUIZ,** <br><br> Plaintiffs, <br> v. <br><br><br> **JOHN DOES 1-10** <br> **(names being fictitious)** <br><br> Defendants. <br><br> **THE CITY OF NEWARK,** <br><br> Defendant/Third <br> Party Plaintiff <br><br> **COUNTY OF ESSEX,** <br> **ESSEX COUNTY PROSECUTOR'S** <br> **OFFICE, RICHARD ROE, DAVID ZOE** <br> **(names being fictitious)** <br><br> Third Party <br> Defendants | CIVIL ACTION NO. <br>  11-CV-1150 (SDW-MCA) <br><br><br> **FIRST AMENDED ANSWER AND THIRD** <br> **PARTY COMPLAINT** |

Defendant CITY OF NEWARK, a Municipal Corporation

located at 920 Broad Street, Newark, 07102 (hereinafter

referred to as "defendant"), by way of Answer to the above-captioned Complaint respond:

## I. NATURE OF THE ACTION

1.    Defendants take no position as to the allegations contained in Paragraph One with regard to the Nature of the Action.

2.    Defendants take no position as to the allegations contained in Paragraph Two with regard to the Nature of the Action.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## III. JURISDICTION

3.    Defendants take no position as to the allegations contained in Paragraph Three with regard to Jurisdiction.

4.    Defendants take no position as to the allegations contained in Paragraph Four with regard to Jurisdiction.

5.    Defendants take no position as to the allegations contained in Paragraph Five with regard to Jurisdiction.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## IV. <u>PARTIES</u>

6.      Defendant takes no position as to the allegations contained in Paragraph Six.

7.      Defendant takes no position as to the allegations contained in Paragraph Seven.

8.      Defendant admits the allegations contained in Paragraph Eight.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## V. <u>FACTUAL ALLEGATIONS COMMON TO ALL</u><br><u>CAUSES OF ACTION</u>

9.      Defendant denies the allegations contained in Paragraph Nine.

10.     Defendant denies the allegations contained in Paragraph Ten.

11.     Defendant takes no position as to the allegations contained in Paragraph Eleven as they do not pertain to it.

12.     Defendant denies the allegations contained in Paragraph Twelve.

13.     Defendant denies the allegations contained in Paragraph Thirteen.

14.     Defendant admits the allegations contained in Paragraph Fourteen.

15.     Defendant denies the allegations contained in Paragraph Fifteen.

16.      Defendant denies the allegations contained in Paragraph Sixteen.

17.      Defendant denies the allegations contained in Paragraph Seventeen.

18.      Defendant denies the allegations contained in Paragraph Eighteen.

19.      Defendant denies the allegations contained in Paragraph Nineteen.

20.      Defendant denies the allegations contained in Paragraph Twenty.

21.      Defendant denies the allegations contained in Paragraph Twenty-One.

22.      Defendant denies the allegations contained in Paragraph Twenty-Two.

23.      Defendant denies the allegations contained in Paragraph Twenty-Three.

24.      Defendant denies the allegations contained in Paragraph Twenty-Four.

25.      Defendant denies the allegations contained in Paragraph Twenty-Five.

26.      Defendant takes no position as to the allegations contained in Paragraph Twenty-Six.

27.      Defendants take no position as to the allegations contained in Paragraph Twenty-Seven.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## VI.   FIRST CAUSE OF ACTION

28.     Defendant reiterates all previous paragraphs of this Answer as if set forth at length herein.

29.     Defendant denies the allegations contained in Paragraph Twenty-Nine.

30.     Defendant denies the allegations contained in Paragraph Thirty.

31.     Defendant denies the allegations contained in Paragraph Thirty-One.

32.     Defendant denies the allegations contained in Paragraph Thirty-Two.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## VII.  SECOND CAUSE OF ACTION

33.     Defendant reiterates all previous paragraphs of this Answer as if set forth at length herein.

34.     Defendant denies the allegations contained in Paragraph Thirty-Four.

35.     Defendant denies the allegations contained in Paragraph Thirty-Five.

36.     Defendant denies the allegations contained

in Paragraph Thirty-Six.

37.     Defendant denies the allegations contained in Paragraph Thirty-Seven.

38.     Defendant denies the allegations contained in Paragraph Thirty-Eight.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## VIII.  THIRD CAUSE OF ACTION

39.     Defendant reiterates all previous paragraphs of this Answer as if set forth at length herein.

40.     Defendant makes no response to Paragraph Forty as same was dismissed as a State Cause of Action as to same.

41.     Defendant makes no response to Paragraph Forty-One as same was dismissed as a State Cause of Action as to same.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## IX.  FOURTH CAUSE OF ACTION

42.     Defendant reiterates all previous paragraphs of this Answer as if set forth at length herein.

43.     Defendant makes no response to Paragraph Forty-Three as same was dismissed as a State Cause of Action as to same.

44.     Defendant makes no response to Paragraph Forty-Four as same was dismissed as a State Cause of Action as to same.

45.     Defendant makes no response to Paragraph Forty-Five as same was dismissed as a State Cause of Action as to same.

46.     Defendant makes no response to Paragraph Forty-Six as same was dismissed as a State Cause of Action as to same.

47.     Defendant makes no response to Paragraph Forty-Seven as same was dismissed as a State Cause of Action as to same.

48.     Defendant makes no response to Paragraph Forty-Eight as same was dismissed as a State Cause of Action as to same.

49.     Defendant makes no response to Paragraph Forty-Nine as same was dismissed as a State Cause of Action as to same.

50.     Defendant makes no response to Paragraph Fifty as same was dismissed as a State Cause of Action as to same.

51.     Defendant makes no response to Paragraph Fifty-One as same was dismissed as a State

Cause of Action as to same.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## X. FIFTH CAUSE OF ACTION

52.     Defendant reiterates all previous paragraphs of this Answer as if set forth at length herein.

53.     Defendant makes no response to Paragraph Fifty-Three as same was dismissed as a State Cause of Action as to same.

54.     Defendant makes no response to Paragraph Fifty-Four as same was dismissed as a State Cause of Action as to same.

55.     Defendant makes no response to Paragraph Fifty-Five as same was dismissed as a State Cause of Action as to same.

56.     Defendant makes no response to Paragraph Fifty-Six as same was dismissed as a State Cause of Action as to same.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## XI. SIXTH CAUSE OF ACTION

57.      Defendant reiterates all previous paragraphs of this Answer as if set forth at length herein.

58.      Defendant denies the allegations contained in Paragraph Fifty Eight.

59.      Defendant denies the allegations contained in Paragraph Fifty Nine.

60.      Defendant denies the allegations contained in Paragraph Sixty.

61.      Defendant denies the allegations contained in Paragraph Sixty One.

62.      Defendant denies the allegations contained in Paragraph Sixty Two.

**WHEREFORE,** Defendant respectfully demands plaintiff's complaint be dismissed with prejudice and seeks costs to be assessed against the plaintiff.

## THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff, the City of Newark, a Municipal Corporation located at 920 Broad Street, Newark, 07102 (hereinafter referred to as "Defendant/Third Party Plaintiff"), by way of Third Party Complaint against the Third Party Defendants, the County of Essex and the Essex County Prosecutor's Office, herein alleges as follows:

## JURISDICTION

1.      The jurisdiction of this Court, already invoked by the initial Complaint, is further invoked here by the allegation of violations of the rights guaranteed under the United States Constitution and also 28 U.S.C. 1343 (3) and 1367, permitting this Court to hear state law causes of action.

## FIRST CAUSE OF ACTION

1.      At all times relevant hereto, Third Party Defendant, County of Essex, was responsible for the operation of the Essex County Correctional Facility where the Plaintiffs in this matter were confined for approximately thirteen (13) months following their arrest on June 3, 2009.

2.      At all times relevant hereto it was the responsibility of the Third Party Defendant the County of Essex to safeguard the safety and constitutional and civil rights of those individuals placed in its custody.

3.      During that time Plaintiffs were allegedly injured while in custody of the Essex

County Correctional Facility.

4.          Plaintiffs subsequently brought suit against the Defendant/Third Party Plaintiff, the City of Newark, for injuries and civil rights violations suffered during the time they were in the custody of the Essex County Correctional Facility.

**WHEREFORE**, Defendant/Third Party Plaintiff, City of Newark, hereby demands judgment against Third Party Defendant the County of Essex for damages, indemnification, interest and costs of suit.

## SECOND CAUSE OF ACTION

1.          Defendant/Third Party Plaintiff, City of Newark, hereby reiterates all allegations of the First Cause of Action as though set forth at length herein.

2.          At all times mentioned herein the Third Party Defendant, the Essex County Prosecutor's Office, was primarily responsible for all state-level criminal prosecutions in Essex County.

3.          At all times mentioned herein the Third Party Defendant, the Essex County Prosecutor's Office, had primary responsibility for bail hearings, decisions as to whether to dismiss or

proceed with criminal charges, and generally the movement of criminal cases through the system in Essex County.

4.      At all times mentioned herein the Third Party Defendant, the Essex County Prosecutor's Office, was bound by the Fifth, Sixth, and Eighth Amendments to the United States Constitution guaranteeing all criminal defendants due process, the right to a speedy trial, and the right to bail which is not to be excessive.

5.      At all times mentioned herein the Third Party Defendant, the Essex County Prosecutor's Office, failed to perform its duties to uphold the above constitutional requirements, resulting in the plaintiffs' confinement for thirteen months without a trial.

6.      Plaintiffs have now brought suit against Defendant/Third Party Plaintiff, City of Newark, alleging injury and civil rights violations as a result of this failure.

**WHEREFORE**, Defendant/Third Party Plaintiff, City of Newark, hereby demands judgment against Third Party Defendant the Essex County Prosecutor's Office for damages, indemnification, interest and

costs of suit.

### THIRD CAUSE OF ACTION

1.  Defendant/Third Party Plaintiff, City of Newark, hereby reiterates all allegations of the First and Second Causes of Action as though set forth at length herein.

2.  Richard Roe, said name being fictitious, is an Essex County Corrections officer, not under the City of Newark's control.

3.  Richard Roe was at all times relevant, responsible for the safety and constitutional rights of the plaintiffs while they were in his custody.

4.  Richard Roe failed to discharge that sworn duty, resulting in the assault upon plaintiff George Ramirez by another inmate.

5.  Plaintiffs have now brought suit against Defendant/Third Party Plaintiff, City of Newark, alleging injury and civil rights violations as a result of this failure.

**WHEREFORE**, Defendant/Third Party Plaintiff, City of Newark, hereby demands judgment against Third Party Defendant Richard Roe for damages, indemnification, interest and costs of suit.

### FOURTH CAUSE OF ACTION

1. Defendant/Third Party Plaintiff, City of Newark, hereby reiterates all allegations of the First Second, and Third Causes of Action as though set forth at length herein.

2. David Zoe, said name being fictitious, is an Essex County Assistant Prosecutor, not under the City of Newark's control.

3. David Zoe was at all times relevant responsible for the constitutionally mandated swift disposition of all cases assigned to him, within the parameters set by the Fifth, Sixth, and Eighth Amendments.

4. David Zoe failed to discharge that duty, resulting in the plaintiffs being confined for thirteen months.

5. Plaintiffs have now brought suit against Defendant/Third Party Plaintiff, City of Newark, alleging injury and civil rights violations as a result of this failure.

**WHEREFORE**, Defendant/Third Party Plaintiff, City of Newark, hereby demands judgment against Third Party Defendant David Zoe for damages, indemnification, interest and costs of suit.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The City of Newark, a Municipal Corporation of the State of New Jersey, is a public entity under the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and by this Separate Defense affirmatively pleads and claims entitlement to all benefits, bars or other provisions or limitations of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., without limitation or exclusion and with the same force and effect as if set forth in detail and with specificity.

### SECOND SEPARATE DEFENSE

Defendant was free of any negligence and violated no duty to the plaintiff.

### THIRD SEPARATE DEFENSE

Any and all injuries or damages allegedly sustained by plaintiff, Barbara Jacobs-Belcher, were a result of her own negligence.

### FOURTH SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### FIFTH SEPARATE DEFENSE

Any and all injuries or damages allegedly sustained by the plaintiff were caused by the sole negligence of any co-defendants.

### SIXTH SEPARATE DEFENSE

Any and all injuries or damages that may have been sustained by plaintiff were caused by the sole negligence of the third party(ies) over whom the answering defendant had no control.

### SEVENTH SEPARATE DEFENSE

Any injuries or damages that may have been sustained by plaintiff were the result of an unavoidable accident for which the answering defendant is not liable.

### EIGHTH SEPARATE DEFENSE

Defendant denies that it violated any duties or created any conditions that were the proximate cause of the damages sustained by the plaintiff.

### NINTH SEPARATE DEFENSE

Negligence, if any, on the part of this defendant was not the proximate cause of any injuries, which may have been sustained by plaintiff.

### TENTH SEPARATE DEFENSE

This defendant reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

### ELEVENTH SEPARATE DEFENSE

Recovery is barred by the failure of plaintiff(s) to give timely notice of claim or to present a claim in accordance with N.J.S.A. 59:8-1 et seq.

## TWELFTH SEPARATE DEFENSE

The applicable, law, rule, statute or regulation, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and accordingly, the claimant's claim is barred as a matter of law.

## THIRTEENTH SEPARATE DEFENSE

This matter is barred by the Doctrine of Laches and unclean hands.

## FOURTEENTH SEPARATE DEFENSE

Pursuant to N.J.S.A. 59:8-3, the purpose of the claims notification requirement of N.J.S.A. 59:8-1 et seq., is to allow the public entity at least six (6) months for administrative review of claims, with the public entity having the opportunity to settle meritorious claims prior to the filing of suit, and also to provide the entity with prompt notification of claim in order to adequately investigate the facts and prepare a defense.

In the within matter, the notice of claim filed by plaintiff failed to demonstrate any proof of a permanent injury and failed to indicate any of plaintiff's medical expenses, thus, pursuant to N.J.S.A. 59:9-2, plaintiff has failed to demonstrate a basis for recovery of damages from

this defendant, and the City of Newark relied on the Notice of Claim filed by the plaintiff in investigating the facts of this matter and in preparing a defense.   Thus, the plaintiff should be precluded from supplementing the information in the Notice of Claim beyond what has been indicated in said Notice of Claim.

### FIFTEENTH SEPARATE DEFENSE

Any recovery to which plaintiff might otherwise be entitled is subject to the application of doctrine of contribution as provided in N.J.S.A. 59:9-3 as to the defendant.

### SIXTEENTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon the defendant must be reduced by the limitations of proportionate liability set forth in N.J.S.A. 59:9-3.1.

### SEVENTEENTH SEPARATE DEFENSE

Any recovery to which plaintiff might otherwise be entitled is subject to reduction in accordance with the limitations on damages provided in N.J.S.A. 59:9-2, including but not limited to, 59:9-2(d).

### EIGHTEENTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon the defendant must be reduced by the application of the Standard of Comparative Negligence mandated by N.J.S.A.

59:9-4.

### NINETEENTH SEPARATE DEFENSE

The Defendant, City of Newark, affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under N.J.S.A. 59:2-1, et. seq., particularly, N.J.S.A. 59:2-3, 2-4, 2-5, 2-6, 2-7, 2-8, 2-9 and 2-10.

### TWENTIETH SEPARATE DEFENSE

The Defendant, City of Newark, affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under N.J.S.A. 59:3-1, et. seq., particularly, N.J.S.A. 59:3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12 and 3-13.

### TWENTY-ONE SEPARATE DEFENSE

The Defendant, City of Newark, affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under N.J.S.A. 59:4-1, et. seq., particularly, N.J.S.A. 59:4-2,4-5, 4-6, 4-7, 4-8, 4-9 and 4-10.

### TWENTY-SECOND SEPARATE DEFENSE

This Defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under N.J.S.A. 59:5-1, et. seq., particularly, N.J.S.A. 59:5-1, 5-2, 5-4, 5-5, and 5-6.

### TWENTY-THIRD SEPARATE DEFENSE

The service of the summons and complaint upon the defendant was insufficient by reason of manner of service of process and insufficiency of service of process.

### TWENTY-FOURTH SEPARATE DEFENSE

The plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### TWENTY-FIFTH SEPARATE DEFENSE

The plaintiff's claim is barred by the doctrine of collateral estoppel and/or res judicata.

### TWENTY-SIXTH SEPARATE DEFENSE

Recovery may be barred in this action by reason of a prior judgment or settlement arising out of the same transaction as set forth in <u>N.J.S.A.</u> 59:9-6.

### TWENTY-SEVENTH SEPARATE DEFENSE

Any and all of the damages alleged by the plaintiff was the result of an Act of God.

### ANSWER TO CROSSCLAIM(S)

In the event any cross-claims are filed against this defendant, this defendant answers by saying it denies the allegations of any and all cross-claims.

### CROSSCLAIM FOR CONTRIBUTION

This Defendant, without admitting any liability herein, asserts that, should liability be found against said this defendant, it is entitled to, and hereby claims contribution from the co-defendants named herein, (and from any other defendants that may be added from time to time by amended complaint), pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, <u>N.J.S.A.</u> 2A:53A-1, <u>et</u>. <u>seq</u>.; the Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-5.1, et seq.; and the Tort Claims Act, <u>N.J.S.A.</u> 59:9-3 and 9-4.

### CROSSCLAIM FOR INDEMNIFICATION

This Defendant denies any and all liability as to the claims of the plaintiff as set forth in the Complaint and asserts that its negligence, if any, was passive, secondary, imputed and vicarious with the negligence of the co-defendant(s) named herein (and from any other defendants that may be added from time to time by amended complaint) being active and primary.

WHEREFORE, judgment is demanded against co-defendant(s) for indemnification, attorneys' fees and costs of suit.

### RESERVATION OF RIGHTS

Defendant reserves its right, at or before trial, to move to dismiss the complaint and/or for summary judgment, on the ground that the complaint fails to state a claim upon which relief can be granted and/or that the defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

### DESIGNATION OF TRIAL COUNSEL

The Court is advised that Steven F. Olivo, Assistant Corporation Counsel, is hereby designated as trial counsel.

### JURY DEMAND

Defendant hereby demands a trial by jury as to all issues contained herein.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I certify that at this time, upon information and belief, this matter in controversy is not the subject of any other action pending in any court or the subject of a

pending arbitration proceeding and that no other action or arbitration proceeding is contemplated.

ANNA PEREIRA
CORPORATION COUNSEL
Attorney for Defendant,
City of Newark

By:   s/Steven F. Olivo
      Steven F. Olivo
      Assistant Corporation Counsel

Dated: January 13, 2012