**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE RAMIREZ, JOSHUA RUIZ,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>THE CITY OF NEWARK, ESSEX COUNTY CORRECTIONAL FACILITY, AND OFFICERS JOHN DOE 1-10 (names being ficticious),<br><br>　　　　　Defendants,<br><br>THE CITY OF NEWARK,<br><br>　　　　　Defendant/ Third-Party Plaintiff,<br><br>COUNTY OF ESSEX, ESSEX COUNTY PROSECUTOR'S OFFICE, RICHARD ROE, DAVID ZOE (names being ficticious)<br><br>　　　　　Third-Party Defendants. | Civil Action No. 11-CV-1150 (SDW-MCA)<br><br>**OPINION**<br><br>December 21, 2012 |

**WIGENTON**, District Judge.

Before this Court is Third-Party Defendant the Essex County Prosecutor's Office's motion to dismiss the third-party complaint in lieu of an answer pursuant to Federal Rule of Civil Procedure 12(b)(6).  Also, before this Court is (1) Third-Party Defendant the County of Essex's motion to certify this Court's June 14, 2012 order as final, thereby permitting the County of Essex to file an interlocutory appeal, and (2) the County of Essex's motion to dismiss the third-party complaint against the Essex County Correctional Facility.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367.  Venue is proper pursuant to 28 U.S.C. §

1391(b).  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, this Court **GRANTS** the Essex County Prosecutor's Office's motion and **GRANTS** the County of Essex's motion.

## I. FACTS

This case is an indemnification action between the City of Newark (the "City"), the County of Essex ("Essex County"), and the Essex County Prosecutor's Office ("ECPO").  The City is seeking indemnification from the Third-Party Defendants for Plaintiffs' underlying action against the City.  On June 3, 2009, Plaintiffs Jorge Ramirez and Joshua Ruiz were apprehended in Newark.  (*See* Pls.' Am. Compl. ¶ 11.)  Plaintiffs were driving on Montclair Avenue, on their way to pick up a friend when police cars suddenly surrounded Plaintiff Ramirez's vehicle.  (*See id.* at ¶¶ 10-11.)  The police personnel approached the vehicle with guns drawn.  (*See id.* at ¶ 11.)  After Plaintiffs exited the vehicle, they were forced to the ground and hand-cuffed.  (*See id.*)  Without having been read their rights or informed of the charges against them, Plaintiffs were then transported to the Second Precinct at One Lincoln Avenue and placed in a cell for several hours.  (*See id.*)  Plaintiffs were later transported to Newark Central Booking where they were held for four to five days prior to appearing before a judge.  (*See id.*)  Plaintiffs were then transferred to Essex County Corrections Facility ("ECCF").  (*See id.*)  While incarcerated at ECCF, Plaintiffs were assaulted by an inmate.  (*See* Pls.' Am. Compl. ¶ 12.)  "Plaintiff Ramirez was hit upon the head violently and repeatedly by an inmate," causing injuries that required medical attention.  (*Id.*)  After being at ECCF for thirteen months, Plaintiffs' charges were dismissed.  (*See id.* at ¶ 11.)

On March 1, 2011, Plaintiffs filed a complaint against ten unnamed police officers for the City and the City itself.  (*See* dkt. no. 1.)  On April 29, 2011, Plaintiffs filed an amended complaint adding the ECCF as a defendant.  (*See* dkt. no. 5.)  The amended complaint asserted six causes of action: (1) violation of 42 U.S.C. § 1983, (2) violation of Article one, section seven of the New Jersey Constitution, (3) assault and battery, (4) malicious prosecution by the City, (5) negligent infliction of emotional distress, and (6) the City's negligent retention of officers who the City should have known pose a danger to society thereby resulting in Plaintiff's injuries[1]. (*See id.*  ¶¶ 12, 32, 33, 37, 38, 41, 44, 45-49, 50-55.)

On February 9, 2012, the City filed an amended answer to Plaintiffs' complaint and a third-party complaint against Essex County and ECPO seeking indemnification for Plaintiffs' injuries.  (*See* dkt. no. 30.)  The City's third-party complaint sets forth four bases for indemnification.  First, the City alleges that the injuries and civil rights violations alleged by Plaintiffs occurred while Plaintiffs were in Essex County's custody.  (*See* Third-Party Compl., First Cause of Action, ¶¶ 1-3.)  Second, the City asserts that the ECPO was responsible for managing Plaintiffs' case and failed to provide due process and a speedy trial.  (*See id.*, Second Cause of Action, ¶ 4.)  Third, the City contends that Plaintiffs' assault occurred under the supervision of an Essex County corrections officer responsible for protecting Ramirez's safety. (*See id.*, Third Cause of Action, ¶ 3.)  Fourth, the City claims that Plaintiffs' thirteen-month confinement is a result of the Essex County assistant prosecutor's failure to dispose of Plaintiffs' case in a timely manner.  (*See id.*, Fourth Cause of Action, ¶ 4.)

On June 14, 2012 this Court entered an opinion and order denying Essex County's motion to dismiss the City's indemnification claim for Plaintiffs' § 1983 action and granting

---

[1] Plaintiffs and Defendants stipulated to the dismissal of the fifth cause of action claiming negligent infliction of emotional distress.  (*See* dkt. no. 13.)

Essex County's motion to dismiss the City's complaint as it pertains to Plaintiffs claims against ECCF because the New Jersey Tort Claims Act protects Essex County from being vicariously liable for ECCF. (*See* dkt. nos. 51-52.)

ECPO now seeks to dismiss the City's third-party complaint on the grounds that: (1) the City has failed to state a cause of action upon which relief can be granted, (2) prosecutorial immunity, and (3) violation of the New Jersey Tort Claims Act. (*See* generally ECPO's Br.) This Court will only address ECPO's second argument.

Essex County requests that this Court certify its June 14, 2012 order thereby permitting Essex County to file an interlocutory appeal. Essex County also seeks dismissal of Plaintiffs' complaint on the grounds that (1) Plaintiffs' failed to serve ECCF and (2) ECCF is not amenable to suit.

## II. LEGAL STANDARD

### a. *Federal Rule of Civil Procedure 12(b)(6)*

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); See *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any

4

reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Id.,* the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

As a general rule, a district court deciding a motion to dismiss may consider only the contents of the pleadings. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (internal citation omitted). However, there exists an exception to that general rule in that "'[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim.'" *Cooper*

5

*v. Samsung Elec. Am., Inc.,* 374 F. App'x 250, 253 n.3 (3d Cir. Mar. 30, 2010) (quoting *Pryor*, 288 F.3d at 560).

      b. *Interlocutory Appeal*

"An interlocutory appeal is designed to save resources and expedite the termination of litigation." *Avaya Inc. v. Telecom Labs, Inc.*, No. Civ. A. 06-2490, 2012 WL 1495371, at * 5 (D.N.J. April 26, 2012). For a district court to certify an interlocutory appeal, the court's order must: "(1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.1974) (internal quotations omitted); *see also* 28 U.S.C. § 1292(b). "The decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Krishanthi v. Rajaratnam*, No. Civ. A. 09-05395, 2011 WL 1885707, *2 (D.N.J.2011) (internal quotations omitted) (quoting *Morgan v. Ford Motor Co.*, No. Civ. A. 06-1080, 2007 WL 269806, *2 (D.N.J. Jan. 5, 2007).

## III. DISCUSSION

      a. *ECPO's Motion*

Prosecutorial immunity is not only a defense to liability, it also represents the "right not to stand trial[.]" *In re Montgomery Cnty.*, 215 F.3d 367, 373 (3d Cir. 2000). The burden of establishing prosecutorial immunity is a heavy one. *See Light v. Haws,* 472 F.3d 74, 80-81 (3d Cir. 2007)(quoting *Forsyth v. Kleindienst*, 599 F.2d 1203, 1212 (3d Cir. 1979)). "In light of the Supreme Court's 'quite sparing' recognition of absolute immunity to § 1983 liability" this Court follows the Third Circuit, by beginning its analysis with the presumption that qualified immunity

applies here instead of absolute. *Odd v. Malone*, 538 F.3d 202, 207-08 (3d Cir. 2008)(citing *Carter v. City of Philadelphia*, 181 F.3d 339, 355 (3d Cir. 1999)).

To establish prosecutorial immunity, "a prosecutor must show that he or she was functioning as the state's advocate when performing the action(s) in question." *Id.* (citing *Yarris v. Cnty. Of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006)). An inquiry into prosecutorial immunity requires a focus on "the nature of the function performed, not the identity of the actor who performed it." *Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001). Under such an approach, prosecutorial immunity extends only to actions performed in a judicial or "quasi-judicial" capacity. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994); s*ee also Odd*, 538 F.3d at 208. Therefore, "immunity attaches to actions 'intimately associated with the judicial phases of litigation', but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Odd*, 538 F.3d at 208 (citing *Giuffre*, 31 F.3d at 1251). While there is no bright-line rule regarding classifying a prosecutor's actions as judicial or not, "*Yarris* teaches that the period during which prosecutors are most likely functioning in a "quasi-judicial" capacity is the time between indictment and dismissal, acquittal, or conviction." *Id*. at 211.

Here, the City argues that ECPO is liable for Plaintiffs' injuries because Plaintiffs remained in Essex County's custody for a prolonged period of time after being released from ECPO's custody, and suffered injuries while in ECPO's custody. (*See* City's Br. 5-6.) The City further contends that ECPO had the responsibility to ensure Plaintiffs had a speedy trial, yet Plaintiffs were not offered a plea deal until after five months in Essex County's custody. (*See id.* at 6.) ECPO argues that it is entitled to prosecutorial immunity as the City's allegations concern ECPO's role as an advocate in indicting the Plaintiffs and/or prosecuting their cases. (*See* ECPO's Br. 8.) This Court finds ECPO's argument persuasive.

7

The City's arguments concern ECPO's conduct in its role as an advocate. This can be said because the City's argument focuses on ECPO's decision to take Plaintiffs' case to trial and more generally ECPO's management of Plaintiffs' cases. ECPO's discretion in determining when to take a case to trial and when to offer a plea agreement is not in any way ministerial, investigative, or administrative in nature. As such, ECPO has sufficiently argued that the prosecutor(s) on Plaintiffs' case were "functioning as the state's advocate when performing the action(s) in question." *Odd*, 538 F.3d at 208. Accordingly, absolute immunity applies to the City's claim against ECPO.

      b. *Interlocutory Appeal*

Essex County argues that all three elements needed to certify an order for interlocutory appeal are present in this case. This Court finds otherwise. Regarding the second element, Essex County points to *Rocuba v. Mackrell*, Civ. Action No. 3:10-1465, 2011 WL 5869787 (N.D. Pa. Nov. 22, 2011) in arguing that there is conflicting precedent regarding whether a claim for contribution can be brought for a § 1983 action. (*See* Essex County's Br. 4.) Essex County contends that conflicting district court decisions in the Third Circuit regarding the validity of the Circuit's decision in *Miller v. Apartment and Homes of New Jersey, Inc.*, 646 F.2d 101 (3d Cir. 1991) weigh in favor of this Court certifying its June 14, 2012 order. (*See id.* at 3-5.) However, Essex County's argument is flawed for the reasons stated in this Court's June 14, 2012 opinion. Essex County's failure to satisfy the second element of the test to certify an order makes discussion of the other elements unnecessary.

      c. *Essex County Correctional Facility*

Essex County moves to dismiss Plaintiff's complaint against the ECCF due to Plaintiffs' failure to serve the ECCF, despite naming ECCF as a party. (*See* Essex County's Br. 7.) Indeed

8

it is unclear, but does appear that ECCF was never served process.  (*See* dkt. no. 18.)  Therefore, Plaintiffs' complaint will be dismissed against ECCF, pending Plaintiffs' proof that they complied with the service requirements in the federal rules of civil procedure.  Essex County also seeks dismissal of Plaintiffs' complaint on the basis that ECCF is not a person amenable to suit.  (*See* Essex County's Br. 7)(citing *Jiles v. Burlington Cnty. Jail*, No. Civ. A. 09-3910, 2009 WL 2905441 (D.N.J. Sept. 8, 2009).  *Jiles* only stands for the proposition that a county jail cannot be sued under § 1983.  Therefore, if Plaintiffs can demonstrate proof of service, only Plaintiffs' § 1983 claim against ECCF will be dismissed.

### IV.  CONCLUSION

For the reasons set forth above, Essex County Prosecutor Office's motion to dismiss on the basis of prosecutorial immunity is **GRANTED.**  Also, the County of Essex's motion is **GRANTED**.

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
Cc:    Madeline Cox Arleo, U.S.M.J.
       Parties